Filed 8/29/13  P. v. Castro CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALAN CASTRO,<br><br>    Defendant and Appellant. | H039014<br>(Santa Clara County<br>Super. Ct. No. SS062153) |

In 2007, defendant Alan Castro was convicted of assault with a deadly weapon with enhancements for infliction of great bodily injury and gang participation.  (Pen. Code, §§ 245, subd. (a)(1); 12022.7, subd. (a)); 186.22, subd. (b)(1).)  As part of the judgment, the trial court ordered defendant to pay $2400 in restitution pursuant to Penal Code section 1202.4, subdivision (b).  On August 23, 2012, appellant filed a motion to modify the amount of the restitution fine.  The trial court denied the motion.  Defendant filed a timely notice of appeal from this order.

On appeal, we appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), but with a recognition of the limitation to *Wende* review set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Pursuant to *Wende*, the opening brief states the case and the facts, but raises no specific issues.  *Wende* review is only available in a first appeal of right. (*Serrano, supra,* 211 Cal.App.4th at p. 501.)  Because

defendant's appeal is from an order after judgment seeking to modify the amount of the restitution fine, and not a first appeal of right, he is not entitled to *Wende* review. (*Ibid.*) Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano,* on March 14, 2013, we notified defendant of his right to submit written argument in his own behalf within 30 days. On April 9, 2013, we received a letter from defendant. In his letter, defendant contends that he was deprived of his Sixth and Fourteenth Amendment rights to due process and that he received ineffective assistance of counsel at trial. He further claims that his plea was involuntary because he was not advised of the amount of the restitution fine prior to entering his plea. Nothing in defendant's letter suggests that there is an arguable issue on appeal from the order denying his motion for modification of the restitution fine. Therefore, we decline to retain the appeal.

The appellant having failed to raise any arguable issue on appeal, we dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

**DISPOSITION**

The appeal is dismissed.

_____
MÁRQUEZ, J.

WE CONCUR:

_____
RUSHING, P.J.

_____
ELIA, J.